**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

FILED

June 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JASON JERMAINE DOBBINS,** | ) | |
| | ) | **C.C.A. NO. 01C01-9703-CC-00113** |
| Appellant, | ) | |
| | ) | **MAURY COUNTY** |
| VS. | ) | **(No. 9534 Below)** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **The Hon. Jim T. Hamilton** |
| | ) | |
| Appellee. | ) | **(Denial of Post-Conviction Relief -** |
| | ) | **Underlying Offense Second-Degree** |
| | ) | **Murder)** |

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Specifically, the state argues that the trial court was without jurisdiction to consider the appellant's petition for post-conviction relief on the merits because the one-year statute of limitation had run and the appellant cannot prove that his claim falls within one of the limited exceptions to the one-year statute of limitation under T.C.A. § 40-30-202(b). The appellant did not file a response to the state's motion. We find that the case is not appropriate for affirmance under Rule 20.

At the time the appellant pled guilty to second-degree murder, the Post-Conviction Procedure Act provided that a petitioner under sentence of a court of Tennessee had three years from the date of the final action of the highest state appellate court to which an appeal is taken to file a petition for post-conviction relief. See T.C.A. § 40-30-102 (repealed 1995). Effective May 10, 1995, the statute of limitation was reduced to one year. See T.C.A. § 40-30-202(a). Consideration of a petition filed after such time was barred unless the petitioner could show that one of the three enumerated exceptions applied. See T.C.A. § 40-30-202(b)(1995). Subsequently, on May 13, 1996, the Post-Conviction Procedure Act was amended to reflect that no court shall have jurisdiction to consider a petition filed after the one-year statute of limitation unless one of the three enumerated exceptions applied. See T.C.A. § 40-30-202(b).

While on the face of the record it appears that the appellant failed to file his petition for post-conviction relief within the one-year statute of limitation, the state did not make this argument in the trial court. Instead, the state raises this issue for the first time on appeal. The appellant was not given an opportunity to show that one or more of the enumerated exceptions set forth in T.C.A. § 40-30-202(b) would be applicable, nor does the record reflect that the trial court considered the issue of jurisdiction. Consequently, there are no findings for this Court to review.

Accordingly, based on the appellant's pleadings, the state's motion, and the record in this case, we conclude that the state's motion to affirm the judgment should be denied. Instead, we find that the matter should be remanded to the trial court for further proceedings, specifically, to determine whether the trial court had jurisdiction to consider the appellant's petition for post-conviction relief on the merits.

IT IS, THEREFORE, ORDERED that the above-styled cause is remanded to the trial court for further proceedings consistent with this order.

ENTER, this the _____ day of June, 1997.

_____
JOHN H. PEAY, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
THOMAS T. WOODALL, JUDGE